IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAMERON HOSPITAL ASSOCIATION, a )
California Non-Profit            )    2:10-cv-03396-GEB-JFM
Association,                     )
                                 )
            Plaintiff,           )    ORDER DENYING MOTION TO
                                 )    REMAND
       v.                        )
                                 )
STATE FARM MUTUAL AUTOMOBILE     )
INSURANCE COMPANY; and DOES 1    )
through 100, inclusive,          )
                                 )
            Defendants.          )
_____)

        Plaintiff seeks to remand this case to the state court from
which Defendant removed it, arguing that removal was improper because
the Court lacks subject matter jurisdiction under 28 U.S.C. § 1332 ("§
1332"). § 1332 prescribes: "The district courts shall have original
jurisdiction of all civil actions where the matter in controversy
exceeds the sum or value of $75,000, exclusive of interest and costs,
and is between . . . citizens of different States." 28 U.S.C. §
1332(a)(1). Plaintiff argues Defendant has failed to satisfy its burden
of showing the amount in controversy exceeds $75,000.

        "[T]he defendant always has the burden of establishing that
removal is proper.  Normally, this burden is satisfied if the plaintiff
claims a sum greater than the jurisdictional requirement." Gaus v.
Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). However, "[w]here it is

1

not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." <u>Matheson v. Progressive Specialty Ins.</u>, 319 F.3d 1089, 1090 (9th Cir. 2003). When determining whether a defendant satisfies this burden, the Court may consider "facts presented in the removal petition as well as any summary-judgement-type evidence relevant to the amount in controversy at the time of removal." <u>Id.</u> (internal quotation marks omitted).

It is undisputed that Plaintiff seeks $61,049.84 in damages based on alleged amounts of unpaid patient accounts which have been assigned to Plaintiff. However, the parties dispute whether the attorneys' fees Plaintiff seeks in its claim alleged under California Business and Professions Code section 17200, et seq. ("section 17200") is considered when determining whether the amount in controversy exceeds $75,000.00. Plaintiff's section 17200 claim includes the allegation that it "is entitled to an award of attorney's fees under [California] Code of Civil Procedure section 1021.5 [("section 1021.5")]." (Compl. ¶ 39.) Section 1021.5 prescribes:

> Upon motion, a court may award attorneys' fees to a successful party against one or more opposing parties in any action which has resulted in the enforcement of an important right affecting the public interest if: (a) a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons, (b) the necessity and financial burden of private enforcement, or of enforcement by one public entity against another public entity, are such as to make the award appropriate, and (c) such fees should not in the interest of justice be paid out of the recovery, if any.

CAL. CIV. PROC. CODE § 1021.5.

"[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." <u>Galt G/S v. JSS Scandinavia</u>, 142 F.3d 1150, 1156 (9th Cir. 1998). Here, the information in the removal petition shows that the amount of attorneys' fees Plaintiff seeks, combined with Plaintiff's alleged damages, satisfy the minimum jurisdictional amount in controversy.  Therefore, Plaintiff's remand motion is denied.

Dated:  April 21, 2011

GARLAND E. BURRELL, JR.
United States District Judge