IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| DAMERON HOSPITAL ASSOCIATION, a California Non-Profit Association,<br><br>         Plaintiff,<br><br>    v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>         Defendant.<br>_____ | 2:10-cv-03396-GEB-JFM<br><br><u>ORDER DENYING DEFENDANT'S REQUEST TO FILE DOCUMENTS UNDER SEAL</u> |

On June 4, 2012, Defendant filed on the public docket a "Notice of Request to Seal Documents" ("notice"). Defendant states in its notice that it seeks to file the following documents under seal, which it argues support its opposition to Plaintiff's summary judgment motion: Exhibits 31, 32, and 33; and "Additional Fact Nos. 55-59" of its Statement of Disputed and Additional Facts. On the same date, Defendant emailed its "Request to Seal Documents" ("sealing request") and copies of the documents it seeks to file under seal to the Court for in camera consideration of its sealing request.

Defendant argues that "Exhibit '31' is a portion of [Plaintiff's] provider agreement with Kaiser[;] . . . Exhibit '32' is a portion of the Northern California HMO Provider Manual[;] . . .[and] Exhibit '33' is a portion of [Plaintiff's] provider agreement with Blue Cross[.]" (Def.'s Req. to Seal Docs. 2:10-16.) Defendant argues these

1

exhibits should be filed under seal because the documents contained therein "were designated as 'Confidential' by either [Plaintiff] and/or Kaiser, and [were] produced subject to [a] Protective Order." Id. 2:17-18. Defendant also argues "Additional Fact Nos. 55-59" should be filed under seal because they "cite to . . . portion[s] of Exhibits '31,' '32' and '33[.]'" Id. 2:18-19.

"Two standards generally govern motions to seal documents[.]" Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 677 (9th Cir. 2010).

> [J]udicial records attached to dispositive motions [are treated] differently from records attached to non-dispositive motions. Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy. A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.

Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1180 (9th Cir. 2006) (internal citations omitted).

"[A] strong presumption of access to judicial records applies fully to dispositive pleadings, including motions for summary judgment and related attachments[,] . . . because the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events.'" Id. at 1179 (citation omitted). "Thus, 'compelling reasons' must be shown to seal judicial records attached to a dispositive motion . . . even if the dispositive motion, or its attachments[] were previously filed under seal or protective order." Id. (citation omitted). Therefore, because the documents Defendant seeks to file under seal support its opposition to Plaintiff's summary judgment motion, the "compelling reasons" standard applies to its sealing request.

> Under the "compelling reasons" standard,
>
> the party [requesting to file documents under seal] must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process.

Kamakana, 447 F.3d at 1178-79 (internal quotation marks, brackets, and citations omitted). Here, Defendant merely relies on the conclusory argument that the documents it seeks to file under seal were marked "confidential" by Plaintiff during discovery and produced under a protective order. (Def.'s Req. to Seal Docs. 2:17-19.) However, "a higher showing is required to deny the public access to the court's summary judgment records than the mere 'good cause' standard at issue during discovery[.]" Cal. ex rel. Lockyer v. Safeway, Inc., 355 F. Supp. 2d 1111, 1115 (C.D. Cal. 2005). Since Defendant has not satisfied the "compelling reasons" standard, its sealing request is denied.

Dated: June 7, 2012

_____
GARLAND E. BURRELL, JR.
United States District Judge

3